## **AFFIDAVIT IN SUPPORT OF FORFEITURE COMPLAINT**

I, Scott A. Curry, being first duly sworn, hereby depose and state as follows:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") and have been so employed since April of 2021. I am a Federal Law Enforcement Officer as defined in Rule 41 and am authorized by Federal Law to request a search warrant. I am currently assigned to ATF Louisville Group I. Additionally, I hold a Bachelor of Arts in Social and Criminal Justice from Ashford University located in Clinton, Iowa. Prior to becoming a Special Agent, I served four years Active Duty in the United States Air Force before successfully completing the twenty-three (23) week Kentucky State Police Academy in Frankfort, Kentucky, earning certification as a peace officer in the Commonwealth of Kentucky. After completion of the twenty-three (23) weeks, I was employed as a Kentucky State Trooper and served the Commonwealth of Kentucky for approximately six years. I am a graduate of the Criminal Investigator Training Program and the ATF Special Agent Basic Training program, both of which are conducted at the Federal Law Enforcement Training Center in Glynn County, Georgia.

2. I received training and have gained experience in all aspects of law enforcement, including interviewing and interrogation techniques, arrest procedures, search warrant applications, the execution of searches and seizures, computer evidence identification, computer evidence seizure and processing, and various other criminal laws and procedures. I have not included every detail of every aspect of their training, education, and experience, but have highlighted those areas most relevant to this application.

Attachment A-1

3. As a result of my training and experience as an ATF Special Agent, I am familiar with federal drug trafficking violations under Title 21 U.S.C., § 841(a) (1), including but not limited to Marijuana Distribution and Manufacturing. Marijuana is a Schedule I controlled substance.

4. Based upon your Affiant's training and experience, your Affiant is aware that drug dealers commonly possess large amounts of U.S. currency and/or other valuables which are the proceeds from unlawful drug trafficking; drug dealers commonly possess and utilize firearms to protect their drugs, assets and themselves; drug dealers commonly utilize vehicles to transport drugs, money, and firearms; drug dealers commonly hide/store drugs, money, firearms, and drug related contraband inside their residence or buildings, on their property, and/or in their vehicles; and drug dealers commonly utilize computers, tablets, smart phones, cell phones and other electronic devices to communicate with drug trafficking organization members and customers and to store information related to drug trafficking activities.

## PURPOSE OF AFFIDAVIT

5. This Affidavit is being submitted in support of a Complaint for Forfeiture of $170,835.00 in U.S. currency and the real property located at 2411 Omaha Lane Louisville, Jefferson County, Kentucky ("FOREMAN's residence"). The aforementioned currency was seized from Andrew FOREMAN (hereinafter "FOREMAN") by Saint Matthews Police Department (hereinafter "SMPD") investigators on November 26th, 2024, while executing a search warrant at FOREMAN's residence. As set forth in this affidavit, there is at least probable cause to believe that the $170,835.00 in U.S. currency is proceeds from FOREMAN's trafficking of marijuana –that is the distribution and possession with the intent

to distribute marijuana, a Schedule I controlled substance, in violation of Title 21, United Stated Code (U.S.C.), Sections 841(a)(1).  Therefore, the property is subject to forfeiture under 21 U.S.C. § 881(a)(6).  In addition, FOREMAN used his residence to facilitate his drug trafficking and drug manufacturing violations.  Therefore, the real property is subject to forfeiture under 21 U.S.C. § 881(a)(7).

### BASIS OF INFORMATION

6. The information contained in this Affidavit is based upon my personal knowledge, my consultation with senior ATF agents, my review of certain records and documents, interviews of witnesses and defendants, and information provided by other law enforcement officers employed with the Saint Matthews Police Department (SMPD).

7. This Affidavit is submitted for the limited purpose of filing a forfeiture complaint.  I have set forth only the facts that I believe are necessary to establish reasonable and probable cause for the seizure of said property used to facilitate violations or represent proceeds from the violation of federal law.  The information contained herein is not all the information I possess with respect to the commission of the crimes referred to herein, but only those facts necessary to establish probable cause for the seizure of the identified property.  Additionally, the observations and facts contained herein are the collective facts of the agents and investigators assigned to this case.

### FACTS ESTABLISHING PROBABLE CAUSE

8.   The United States, including Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and Saint Matthews Police Department (SMPD), are conducting a criminal investigation of FOREMAN regarding possible violations of 21 U.S.C. § 841(a)(1).

9.   On or about August 9, 2024, SMPD Detective Billy Cundiff was contacted by a concerned citizen who stated they had firsthand knowledge that Andrew FOREMAN was selling and storing narcotics (marijuana) at his residence located at 2411 Omaha Lane in Louisville, Jefferson County, Kentucky.  Citizen also stated that FOREMAN was a convicted felon and was in possession of firearms and handguns at that location as well.  Acting on the information received, Det. Cundiff verified that FOREMAN is a convicted felon by reviewing his criminal history.  His criminal history in Jefferson County includes four marijuana cultivation convictions, three of which were felony convictions (Case No. 08-F-1034, Case No 02-CR-02468, Case No 11-CR-02963, and Case No 11-CR-03610).  Det. Cundiff also observed photographs of Marijuana plants posted in 2018 and photos of FOREMAN posing with firearms posted in 2022 on FOREMAN's Facebook social media account.

10.   From on or about August 18, 2024, through on or about November 20, 2024, Det. Cundiff along with SMPD investigators observed multiple short stays at FOREMAN's residence.  A short stay is a narcotics transaction for money (usually hand-to-hand transactions) that last for a short period of time.  During this time period, Det. Cundiff observed a continuous pattern of individuals arriving at FOREMAN's residence, walking to the rear of the residence and then returning a short time later.

11.   On or about November 25, 2024, Det. Cundiff obtained a search warrant for FOREMAN's residence.  On or about November 26, 2024, SMPD investigators executed the

search warrant and evidence was seized, which included (but is not limited to): approximately 6 firearms (3 rifles, 1 shotgun, and 2 pistols), approximately 1,593 assorted rounds of ammunition, approximately 11.2 pounds of suspected marijuana, approximately 3 digital scales, baggies, baggies with marijuana packaged for sale, and $170,835.00 in U.S. Currency. Additionally, investigators seized suspected marijuana seeds and approximately three (3) or more marijuana plants from an indoor grow operation that FOREMAN had set up in the garage area of the property.

12. The $170,835.00 in United States Currency was mostly held in stacks by rubber bands, with no bank bands, which is consistent with the storage of drug trafficking proceeds.

13. ATF Intelligence Research Specialist David Whittle verified that the Kentucky workforce database does not show any payments made by FOREMAN to the Kentucky unemployment fund from wages earned by an employee in in at least the previous four years.

14. ATF started administrative forfeiture proceedings against the seized firearms, ammunition, and the $170,835, during which FOREMAN only filed a claim for the $48,308.35. In his claim, he stated that $48,308.35 of the seized currency was proceeds from American General Life Insurance Company that was paid to him on November 9, 2021. FOREMAN attached a letter purportedly from American General Life Insurance Company detailing a claim that was paid. FOREMAN did not attach any bank account statements in support of his claim. If FOREMAN cashed the check, a Currency Transaction Report ("CTR") would have been generated. The FinCEN database was searched but no CTRs associated with FOREMAN have been filed.

15. FOREMAN was charged with drug trafficking and cultivation in November of 2024 in Jefferson District Court, and in January 2025, a grand jury charged FOREMAN with enhanced trafficking in marijuana, enhanced cultivation of marijuana, and being a felon in possession of a firearm (Jefferson Circuit Court Case No. 25-CR-000203). These charges are pending.

16. Based on the foregoing, I submit there is probable cause to believe that violations of Title 21 U.S.C. § 841(a)(1) have occurred, that is the Distribution and Manufacturing of Marijuana, a Schedule I controlled substance, and that $170,835.00 in U.S. currency are proceeds of these violations, as more fully defined in 21 U.S.C. § 881(a)(6). I also submit that Foreman's residence, located at 2411 Omaha Lane in Louisville, Jefferson County, Kentucky, was used to facilitate the illegal sale of controlled substances, as more fully defined in 21 U.S.C. § 881(a)(7). Consequently, the defendant property listed herein is subject to forfeiture under 21 U.S.C. § 881(a)(6) and 21 U.S.C. § 881(a)(7). The above information is true and correct to the best of my knowledge, information, and belief.

Respectfully submitted,

**SCOTT CURRY** Digitally signed by SCOTT CURRY
Date: 2025.04.17 14:36:32 -04'00'

Scott A. Curry
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Attachment A-6